## UNITED STATES CIRCUIT COURT.

### ALBERT E. SHAW agt. THOMAS COLLIER.

Where, in an action *in personam*, the court below ascertained, from the hearing before it, that the main questions in controversy were in respect to accounts between the parties as master and owner of a vessel—*held*, that it was a proper case to be *referred* to a commissioner; it was not necessary that the testimony should be taken in open court.

As a general rule, where the court below make a decree upon matters of *fact* depending upon a *conflict of evidence*, the appellate court will not disturb it.

*September Term*, 1859.

THE libel in this case was filed by the libelant as master of the steamboat George Law, against the owner, the respondent, *in personam*, to recover wages for the years 1854 and 1855.

> BEEBE, DEAN & DONOHUE, *for libelant.*
> D. & T. McMAHON, *for respondent.*

NELSON, C. J. The court below, on the cause being called, heard evidence sufficient to show that the libelant had been in the employ of the respondent as master of the vessel, and that the principal question was as to the amount due for the

Shaw agt. Collier.

service, if any, and thereupon referred it to a commissioner to take the proofs as to the nature, extent, and value of the service, and as to the payments or other deductions to be made, if any, and report thereon. The case was heard accordingly before the commissioner, and a balance reported in favor of the libelant of $334.74, which report was subsequently confirmed by the court, and a decree entered for that amount against the respondent.

It is now objected that the court erred in referring the cause to the commissioner instead of taking the testimony in open court. But we cannot conceive any foundation for this objection. The court had ascertained, from the hearing before it, that the main questions in controversy were in respect to accounts between the parties as master and owner of the vessel, and very proper, therefore, to be referred to and heard by a commissioner.

The rights of the respondent were not prejudiced, as the whole case could afterwards be presented to the court upon the proofs and exceptions to the commissioner's report, and much of the valuable time of the court was thus saved by the reference.

It has also been objected that the court had no jurisdiction of the case, as a portion of the service, claimed in the year 1854, was upon a vessel engaged in the purely internal business and commerce of the state. But it is a sufficient answer to say, that this objection has no application to the service in the year 1855, and the balance of wages decreed, after deducting the payments, is less than the amount of the wages for that year.

A great deal of testimony has been taken as to the service on the vessel, whether as master or clerk, and as to the competency of the libelant as master, the value of the service, &c. But these are matters of fact depending upon a conflict of evidence, which we shall not enter into. We are satisfied with the conclusion arrived at by the court below.

Decree affirmed.